UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTHONY ASBELL,<br><br>    Plaintiff,<br><br>v.<br><br>AUTOM HAMON; TONYA McMILLAN; and PATRICK JONES,<br><br>    Defendants. | Case No. 1:22-cv-00045-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Defendants Hamon, McMillan, and Jones—the only Defendants remaining in this action—have filed a Motion to Quash Service, arguing that the Complaint must be dismissed for lack of service. Also pending are several motions filed by Plaintiff. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1. Accordingly, the Court enters the following Order granting the Motion to Quash Service and dismissing this case with prejudice for lack of proper service.

**1.    Background**

This Court previously denied Plaintiff's application to proceed in forma pauperis. Dkt. 9. The Court reviewed the Complaint under 28 U.S.C. §§ 1915 and 1915A and concluded that the Complaint stated plausible claims under 42 U.S.C. 1983, as well as plausible state law claims of negligence or medical malpractice, against Defendants Hamon, McMillan, and Jones. *Initial Review Order*, Dkt. 13 at 10–13. All other claims

against all other Defendants were dismissed. *Id*. at 18–19.

Plaintiff has been notified repeatedly that he, and he alone, is responsible for serving Defendants. *See* Dkt. 13, 18, & 26. Service of process was due on January 31, 2023. Dkt. 34.

Plaintiff's process server has submitted an affidavit as to his attempted service upon Defendants. Though the affidavit initially claims that Defendants were "personally served," the document later reveals that is not the case. According to the process server:

> I went to serve the documents on the above case at 8517 W Overland Rd Boise, ID 83709. I arrived at 10:01am. The facility was only accessible with a card key. I pressed the intercom button and could see the female at the front desk. I told her I had papers to deliver. She asked for the names. I gave her the names and she said they weren't there. I said, That's OK. I can I leave them with you. She said no.
>
> I asked why? She said she didn't want to take responsibility. I told her she just needs to give it to them. Again, she said I won't give it to them.
>
> She then asked if I was getting paid for it. I said Yes I was. She then said, "Well, I'm not getting paid for it, so I won't give it to them." I said, Fine. I will leave them in an envelope at the front door. I wrote the names on the manila envelope and left it at the front door.

Dkt. 38 at 2.

Having been informed of this lawsuit in some manner other than formal service of process, Defendants filed a Motion to Quash Service, arguing that they have not been properly served within the required time period. Dkt. 39.

**2.    Requirements for Service of Process**

The Federal Rules of Civil Procedure provide the following requirements regarding

MEMORANDUM DECISION AND ORDER - 2

service of process. There are three ways in which a plaintiff may properly serve a defendant:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).[1] After expiration of the time period for service—90 days after the complaint is filed, or other deadline as extended by the Court—a complaint must be dismissed as to any defendant who has not been properly served. See Fed. R. Civ. P. 4(m).

### 3. Plaintiff Has Not Properly Served Any Defendant

Here, Plaintiff was required to serve each Defendant by January 31, 2023. He has not done so as to any remaining Defendant.

Plaintiff's process server attempted to accomplish service by leaving summonses and copies of the complaint at Defendants' employer's place of business. Dkt. 38. But Plaintiff's process server did not serve any Defendant personally, nor did he leave the summons and complaint with a qualified adult at any Defendant's home address. Finally, no agent for service of process has been served in this matter. *See* Fed. R. Civ. P. 4(e)(2).

Plaintiff argues that leaving a summons and complaint at a defendant's employer's

---

[1] Under Federal Rule of Civil Procedure 4(e)(1), a summons and complaint may also be served in any manner authorized by state law. Fed. R. Civ. P. 4(e)(1). In Idaho, the service requirements are the substantively the same as those in the Federal Rules. *See* Idaho Rule of Civil Procedure 4(d)(1). Thus, the Court proceeds to its analysis under Federal Rule of Civil Procedure 4(e)(2).

MEMORANDUM DECISION AND ORDER - 3

address or the defendant's place of business is sufficient service. Plaintiff is mistaken. Rule 4(e) simply does not permit service in such a manner. *See Mendoza-Jimenes v. Bonneville Cnty.*, No. 4:17-CV-00501-DCN, 2018 WL 3745818, at *3 (D. Idaho Aug. 7, 2018) (unpublished) ("[S]ervice upon a person in their individual capacity may never be made by simply leaving a copy of the summons and complaint at that person's place of employment.") (citing *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987), and *Gerritsen v. Consulado Gen. De Mexico*, 989 F.2d 340, 344 (9th Cir. 1993)).

Accordingly, all claims against the all remaining Defendants must be dismissed.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Quash Service (Dkt. 39) is GRANTED, and Plaintiff's Complaint (Dkt. 3) is DISMISSED with prejudice.

2. All other pending motions (Dkt. 35, 36, 40, 41, 42, 47, 49, and 50) are DENIED AS MOOT.

DATED: July 27, 2023

_____
David C. Nye
Chief U.S. District Court Judge